APRIL L. HOLLINGSWORTH (Bar No. 9391)
**HOLLINGSWORTH LAW OFFICE, LLC**
1115 South 900 East
Salt Lake City, Utah 84105
Telephone: 801-415-9909
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **RAYMOND L. ZISUMBO,**<br><br>    Plaintiff,<br><br>vs.<br><br>**OGDEN REGIONAL MEDICAL CENTER, and ANTHONY RHODEBUSH, and JOHN DOE(S),**<br><br>    Defendants. | **COMPLAINT**<br><br>**(Jury Demand)**<br><br>Case No. 1:12-cv-00091<br><br>Judge Ted Stewart |

Plaintiff Raymond L. Zisumbo ("Zisumbo") complains and alleges against Defendant Ogden Regional Medical Center ("ORMC"), Defendant Anthony Rhodebush ("Rhodebush"), and Defendant John Doe(s), as follows:

### NATURE OF CASE

This is an action for damages due to discrimination in employment by Defendants based on race and retaliation, in violation of 42 U.S.C. § 1981, as well as for violations of state law.

### PARTIES, JURISDICTION, AND VENUE

1. Zisumbo is an individual residing in Weber County, Utah.

2. Defendant ORMC is a corporation doing business in Weber County in the state of Utah, and was the employer of Zisumbo in the state of Utah during the relevant time periods.

3. Based upon information and belief, Defendant Rhodebush is an individual residing in Weber County, Utah.

4. Defendant John Doe(s) is an as-yet unidentified employee or employees of ORMC who engaged in conduct in the state of Utah, in violation of the Utah Blacklisting Statute, as explained herein.

5. The unlawful practices alleged herein were committed by the Defendants in the state of Utah.

6. This court has jurisdiction over the actions asserted herein pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c), in that Zisumbo, Rhodebush, and ORMC reside and do business in this District and a substantial part of the events giving rise to Zisumbo's claims arose within this District.

## GENERAL ALLEGATIONS

8. Zisumbo is a Hispanic man. He has a Bachelor's Degree in Computer Tomography ("CT").

9. He began working for ORMC on March 22, 2004 as a CT Technician.

10. In April 2007, Zisumbo applied for the position of Coordinator of his department.

11.   A new hire with less experience was hired over him.

12.   The person who was hired over him was terminated in January 2009.

13.   From January 2009 until his termination, Zisumbo was the acting Coordinator, but did not receive any pay increase along with his increased duties.

14.   Sometime in July 2009, Zisumbo's supervisor, Anthony Rhodebush, told him that he intended to hire either Zisumbo or one of his other coworkers for the Coordinator position.

15.   Zisumbo asked Rhodebush why he would consider the coworker, who was still a student, when Zisumbo has five years of experience at the hospital, 10 years of CT experience, and a degree in CT.

16.   Rhodebush responded that he was concerned as to where Zisumbo would go if he had to fire him.

17.   On September 3, 2009, Rhodebush asked him if he had ever beat his wife or kids, and whether he had raped or killed anyone.

18.   On September 15, 2009, at a pizza party for all the CT techs, Rhodebush announced that he was not going to hire Zisumbo for the Coordinator position because Zisumbo's coworkers felt he was untrustworthy and were uncomfortable around him.

19.   After the meeting, Zisumbo informed Rhodebush that he believed Rhodebush was discriminating against him.  Rhodebush told him not to "play that card."

20.   On September 16, 2009, Zisumbo filed a complaint of discrimination through the Ethics Hotline for the Hospital Corporation of America ("HCA"), ORMC's parent corporation.

21. On September 18, 2009, Zisumbo filed a Charge of Discrimination with the Utah Antidiscrimination and Labor Division of the Utah Labor Commission.

22. Prior to filing his Charge of Discrimination, Zisumbo had never received any discipline.

23. On October 2, 2009, Zisumbo was given a written warning for "repeatedly fail[ing] to take responsibility for the negative effect that he has shown to have on co-workers."

24. On October 8, 2009, ORMC terminated Zisumbo's employment, ostensibly for providing a fraudulent letter from his previous employer, St. Mark's Hospital, which provided information about his employment history. The letter was dated August 2009.

25. Since Zisumbo's termination, he has been unable to secure employment in his field, despite his five years of experience at ORMC, 10 years of CT experience, and a degree in CT.

26. Jobs in CT at St. Mark's Hospital have come available several times since he was terminated. Despite Zisumbo's experience and credentials, however, he has received no response to his applications for the positions.

27. Other jobs in St. Mark's that he was qualified for have also been posted, such as jobs in x-ray, and he has applied, but received no response.

28. Zisumbo has also applied for other jobs at other HCA hospitals around Utah, but has never received a response.

29. He has applied for jobs at other facilities owned by other health care

corporations, and has received acknowledgement of his application, but has not been invited to interview for any positions.

30. ORMC operates a database for itself and other corporations under its umbrella (including St. Mark's Hospital), which indicates whether former employees are eligible for Rehire (the "Rehire Database").

31. After several months of not getting interviewed for open positions for which he was qualified, in December 2010, Zisumbo's attorney contacted ORMC's attorney, requesting that ORMC agree to allow Zisumbo to be considered for a position at St. Mark's.

32. ORMC responded through its attorney, suggesting that it was not interfering with Zisumbo's opportunity to work for St. Mark's.

33. Thereafter, Zisumbo learned that ORMC had coded him in its database as ineligible for Rehire, which meant that he was unable to be considered for jobs at any HCA facility.

34. On March 30, 2011, Zisumbo's counsel once again corresponded with ORMC's counsel, requesting that ORMC cease preventing Zisumbo from being considered for jobs at other HCA facilities. ORMC's counsel responded that "ORMC is not in a position to make hiring decisions for St. Mark's Hospital . . . ."

35. On April 6, 2011, ORMC's counsel verified that in effect, ORMC had been preventing Zisumbo from being considered for positions at St. Mark's. ORMC's counsel sent to Zisumbo's counsel an e-mail, which stated in part:

> *I want to clarify my comments below.  ORMC now has changed the termination code for Mr. Zisumbo.  It had used the code "Invol Term –*

5

*Miscond" back in 2009 believing that it made him eligible for rehire. However, we recently learned this was incorrect. The code is being changed to "Invol Term – Behavior", a code which does indicate someone is eligible for rehire.*

36. Zisumbo has still been unable to obtain employment in CT or any other position in health care.

## FIRST CAUSE OF ACTION
**(Discrimination in Violation of 42 U.S.C. § 1981, against ORMC and Rhodebush)**

37. Zisumbo incorporates herein the allegations of the foregoing paragraphs.

38. Zisumbo is Hispanic, and has experienced discrimination because of his race and/or color, in violation of 42 U.S.C. § 1981.

39. ORMC, through Rhodebush, engaged in frequent race-based discriminatory workplace conduct towards Zisumbo by, for instance, suggesting that he beat his wife and children, and stating that other employees find him untrustworthy.

40. Rhodebush's conduct was sufficiently severe and pervasive to constitute a hostile work environment.

41. ORMC, through Rhodebush, also took adverse employment action against Zisumbo based on his race and national origin by failing to consider him for a promotion to a Coordinator position for which he was qualified. ORMC and Rhodebush allowed him to do the duties of Coordinator, but would not give him a corresponding raise or title change.

42. ORMC knew or should have known of the discrimination perpetrated by management and lower level employees, and failed to take immediate and appropriate remedial action.

6

43. Moreover, ORMC is vicariously liable for the discrimination created and maintained by its supervisor, Rhodebush.

44. Zisumbo has suffered and has pecuniary and non-pecuniary damages, including economic losses and emotional harm.

45. Rhodebush's and ORMC's unlawful conduct toward Zisumbo in violation of 42 U.S.C. § 1981 was done willfully and/or with reckless disregard for his federally protected rights, and as such ORMC should be subjected to punitive damages as well.

## SECOND CAUSE OF ACTION
**(Retaliation in Violation of 42 U.S.C. § 1981, against ORMC and Rhodebush)**

46. Zisumbo incorporates herein the allegations of the foregoing paragraphs.

47. Zisumbo opposed ORMC's discriminatory treatment of him by filing complaints with ORMC's hotline as well as the UALD/EEOC.

48. Because of his opposition to discrimination, ORMC took adverse employment actions against him.

49. ORMC retaliated against Zisumbo by subjecting his file to scrutiny in search of a reason to terminate him, and ultimately by terminating him for specious and illegitimate reasons.

50. Based on information and belief, Rhodebush was the impetus for the "investigation" that led to Zisumbo's termination, and acted with retaliatory animus.

51. After his termination, ORMC continued to retaliate against Zisumbo by coding his termination in such a way as to prevent him from being considered for other jobs in his field.

52. Zisumbo is entitled to recover damages for all future pecuniary losses, as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary losses caused by ORMC's unlawful retaliation.

53. ORMC's actions described above were done with malice or a reckless indifference to Zisumbo's federally protected right to complain about discrimination. Due to the willful and malicious nature of the retaliation against Zisumbo, Zisumbo is entitled to an award of punitive damages in an amount sufficient to deter ORMC from engaging in retaliatory conduct in the future.

54. Zisumbo is entitled to recover all attorneys' fees and costs expended in prosecuting this action.

55. Zisumbo is entitled to other such relief as this Court deems appropriate.

## THIRD CAUSE OF ACTION
### (Negligence, against ORMC)

56. Zisumbo incorporates herein the allegations of all the foregoing paragraphs.

57. As the operator of the Rehire Database, ORMC voluntarily assumed and owed a duty to Zisumbo to exercise reasonable care, including without limitation, properly coding his termination in its Rehire Database.

58. By its acts and omissions as described above, ORMC breached its duty of care owed to Zisumbo, including after it was notified of the improper coding.

59. As a direct and proximate cause of ORMC's breach of duty of care, Zisumbo has suffered injury and is therefore entitled to all damages flowing from

8

ORMC's breach of duty.

## FOURTH CAUSE OF ACTION
### (Defamation, against ORMC)

60. Zisumbo incorporates herein the allegations of the foregoing paragraphs.

61. Through the Rehire Database, ORMC published false, malicious, defamatory and disparaging information regarding Zisumbo to third parties.

62. At the time that the information was published, ORMC knew, or should have known, that the information was false.

63. The false information impugned the honesty, integrity and business reputation of Zisumbo, was not subject to any privilege, and is therefore libelous per se.

64. Zisumbo has been damaged as a direct and proximate result of ORMC's actions. In addition to suffering economic losses, he has suffered injuries including but not limited to: (a) inconvenience; (b) insult; (c) mental distress; (d) embarrassment; (e) humiliation; (f) anxiety; and (g) emotional pain and suffering.

## FIFTH CAUSE OF ACTION
### (Interference with Economic Relations, against ORMC)

65. Zisumbo incorporates herein the allegations of the foregoing paragraphs.

66. ORMC interfered with Zisumbo's ability to find new employment in his field, knowing that such interference was substantially certain to occur if it improperly coded his termination, and was a necessary consequence thereof.

67. ORMC's interfered using improper means, including through tortious

conduct as described above, and/or for an improper purpose, such as to retaliate against him for complaining of discrimination.

68. ORMC's interference has caused Zisumbo substantial damages as a direct and proximate cause of its actions, including economic damages and emotional distress.

## SIXTH CAUSE OF ACTION
**(Violation of the Utah Blacklisting Statute, U.C.A. § 34-24-1-2, against John Doe(s))**

69. Zisumbo incorporates herein the allegations of the foregoing paragraphs.

70. Utah law prohibits any person from acting with intent to prevent a former employee from securing similar employment with another company or corporation.

71. Upon information and belief, one or more ORMC employees is responsible for causing Zisumbo to be blacklisted, with the intent and for the purpose of preventing him from obtaining employment in the healthcare industry.

72. All persons responsible for blacklisting Zisumbo are guilty of a felony, and subject to a fine and imprisonment.

## PUNITIVE DAMAGES

73. Zisumbo incorporates herein each and every allegation contained in this Complaint and alleges as follows.

74. The conduct of ORMC and Rhodebush, as alleged herein, was willful and malicious or intentional conduct, or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of Zisumbo for which Defendants are liable in punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Zisumbo respectfully requests that the Court enter judgment in his favor and against Defendants, and award the following relief:

a. Compensatory and consequential damages;

b. Punitive damages, in substantial, appropriate, and reasonable amounts;

c. Pre-judgment and post-judgment interest at the highest lawful rate;

d. Attorneys' fees and costs of this action, as appropriate;

e. Criminal penalties against anyone found to have blacklisted Zisumbo; and

e. Any such further relief as justice allows.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Dated this   2nd   day of April, 2012.

**HOLLINGSWORTH LAW OFFICE, LLC**

/s/ April L. Hollingsworth
April L. Hollingsworth
Attorney for Plaintiff

Plaintiff's Address:
Roy, Utah 84067

11