IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| RAYMOND L. ZISUMBO,<br><br>     Plaintiff,<br><br><br><br><br><br><br><br>          vs.<br><br><br><br>OGDEN REGIONAL MEDICAL CENTER,<br>ANTHONY RHODEBUSH,<br><br>     Defendants. | MEMORANDUM DECISION AND<br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS, DENYING<br>PLAINTIFF'S MOTION TO<br>CONSOLIDATE, AND DENYING<br>DEFENDANTS' MOTION FOR FEES<br>AND COSTS.<br><br><br><br><br><br>Case No. 1:12-CV-91 TS |

This matter is before the Court on Plaintiff Raymond L. Zisumbo's Motion to

Consolidate and Defendants Ogden Regional Medical Center ("ORMC") and Anthony

Rhodebush's Motion to Dismiss and for an Award of Fees and Costs.  For the reasons discussed

below, the Court will deny Plaintiff's Motion to Consolidate, grant Defendants' Motion to

Dismiss, and Deny Defendants' Motion for an Award of Fees and Costs.

I.  PROCEDURAL HISTORY

Plaintiff originally filed a complaint against Defendant ORMC in a related matter before

this Court on May 12, 2010, alleging that ORMC maintained a hostile work environment in

violation of Title VII ("*Zisumbo I*").[1]  On March 28, 2011, Plaintiff amended the complaint in

*Zisumbo I* to allege discrimination in violation of Title VII, retaliation in violation of Title VII,

and breach of the duty of good faith and fair dealing.[2]  On December 2, 2011, Plaintiff filed a

complaint in the Second District Court of the State of Utah alleging negligence, defamation, and

interference with economic relations ("*Zisumbo II*").[3]  However, *Zisumbo II* was dismissed

without prejudice on January 20, 2012, because Plaintiff failed to pay the necessary filing fees.[4]

On February 3, 2012, Plaintiff filed a motion for leave to file a second amended

complaint in *Zisumbo I*, requesting leave to add the claims dismissed in *Zisumbo II* and a claim

for discrimination in violation of 42 U.S.C. § 1981.  In addition to supplementing his claims,

Plaintiff sought to add Defendant Rhodebush as a defendant in relation to the discrimination

claim under 42 U.S.C. § 1981.[5]  On March 30, 2012, the Magistrate Judge issued an order

---

[1]Complaint at 4, *Zisumbo v. Ogden Reg'l Med. Ctr.*, Case No. 1:10-CV-73 (D. Utah May 12, 2010), ECF No. 2.

[2]Amended Complaint at 4-7, *Zisumbo v. Ogden Reg'l Med. Ctr.*, Case No. 1:10-CV-73 (D. Utah Mar. 28, 2011), ECF No. 13.

[3]Docket No. 6, Ex. B, at 5-6.

[4]Docket No. 6, at 4.

[5]Memorandum in Support of Plaintiff's Motion for Leave to Amend Complaint at 1, *Zisumbo v. Ogden Reg'l Med. Ctr.*, No. 1:10-CV-73 (D. Utah Feb. 3, 2012), ECF No. 27.

denying Plaintiff's motion to amend, finding that the proposed amendment was untimely, prejudicial, and not supported by good cause.[6]

After Plaintiff's motion to amend was denied in *Zisumbo I*, he filed the Complaint against Defendants in the present case on April 2, 2012.[7]  The Complaint at issue here contains identical factual allegations to those in the denied motion to amend in *Zisumbo I*.  However, because the proposed amendment was denied in *Zisumbo I*, the Complaint at issue here contains a mix of factual allegations that are being considered in *Zisumbo I*,[8] and factual allegations related to Plaintiff's negligence, defamation, interference with economic relations, and Utah statute based claims that are not being considered in *Zisumbo I*.[9]

On May 21, 2012, Defendants filed a Motion to Dismiss and for an Award of Fees,[10] and on June 7, Plaintiff filed a Motion to Consolidate this case with *Zisumbo I*.[11]

## II.  BACKGROUND

Plaintiff is a Hispanic man who worked as a computer tomography technician at ORMC from March 22, 2004, to October 8, 2009.[12]  Plaintiff alleges that he was passed over for a

---

[6]Ruling & Order at 5-6, *Zisumbo v. Ogden Reg'l Med. Ctr.*, No. 1:10-CV-73 (D. Utah Mar. 30, 2012), ECF No. 33.

[7]Docket No. 2.

[8]*Id.* ¶¶ 1-24.

[9]*Id.* ¶¶ 25-36.

[10]Docket No. 5.

[11]Docket No. 7.

[12]Docket No. 2, at 2-4.

promotion to department coordinator in favor of less experienced coworkers at various times during his employment with ORMC.[13]  In addition, Plaintiff alleges that in September of 2009 Plaintiff's supervisor, Defendant Rhodebush, made several discriminatory statements about Plaintiff, thereby contributing to a hostile work environment.  Plaintiff alleges that Mr. Rhodebush publicly stated that Plaintiff's coworkers did not trust Plaintiff, and asked Plaintiff if he had ever beaten family members, raped someone, or killed someone.[14]

As a result of the alleged discrimination, Plaintiff filed a charge of discrimination with the Utah Antidiscrimination and Labor Division of the Utah Labor Commission on September 18, 2009.[15]  On October 2, 2009, Plaintiff alleges that he was given a written warning for having a negative effect on his co-workers.  On October 8, 2009, Plaintiff was terminated on the grounds that he had provided a fraudulent letter from his previous employer.[16]  The above facts supply the basis for Plaintiff's claims of discrimination and retaliation in violation of 42 U.S.C. § 1981 in this case, and are also the basis for Plaintiff's Title VII discrimination and retaliation claims in *Zisumbo I.*

Plaintiff's negligence, defamation, interference with economic relations, and violation of the Utah Blacklisting Statute claims against Defendant ORMC stem from the following facts, which are not alleged in *Zisumbo I.*  Plaintiff alleges that since his October 8, 2009, termination

---

[13]*Id.* at 2-3.

[14]*Id.* at 3.

[15]*Id.* at 4.

[16]*Id.*

4

from ORMC he has been unable to find employment as a computer tomographer at other Hospital Corporation of America ("HCA") hospitals despite his degrees and experience.[17] Plaintiff alleges that ORMC operates a database for HCA hospitals which indicates whether former employees are eligible for rehire, and Plaintiff alleges that he was coded as ineligible for rehire in that database.  Additionally, Plaintiff alleges that Defendant ORMC informed him on multiple occasions that it was not interfering with his eligibility for jobs at other HCA facilities.[18] However, on April 6, 2011, Plaintiff received notice that after his termination he was incorrectly coded as ineligible for rehire, and that he was being recoded in the database under a code making him eligible for rehire.[19]

### III.  DISCUSSION

Plaintiff has requested that the Court use its discretion under Rule 42(a) of the Federal Rules of Civil Procedure to consolidate this case with *Zisumbo I* and avoid the inefficiencies associated with having two cases based on the same facts.  Defendant responds that Plaintiff's Motion to Consolidate is an attempt to get around the *Zisumbo I* court's denial of Plaintiff's motion to amend, and that Plaintiff's Complaint should be dismissed as impermissible claim-splitting.  These arguments will be considered in turn below.

---

[17]*Id.* at 4-5.

[18]*Id.* at 5.

[19]*Id.* at 5-6.

A.      CONSOLIDATION

Procedurally, Plaintiff's Motion to consolidate was incorrectly filed.  Under DUCivR 42-1, "[t]he motion shall be decided by the judge assigned the lower-numbered case."  Plaintiff acknowledges that the Motion to Consolidate should have been filed in *Zisumbo I*, but urges the Court to consider it here despite the procedural mistake because both the current action and *Zisumbo I* are being tried before the same judge.

Consolidation of civil cases is governed by local rule DUCivR 42-1.  Pursuant to DUCivR 42-1:

> Any party may file a motion and proposed order to consolidate two or more cases for hearing by a single judge if the party believes that such cases or matters
> (i)      arise from substantially the same transaction or event;
> (ii)     involve substantially the same parties or property . . .
> (iv)    call for determination of substantially the same questions of law; or
> (v)     for any other reason would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges.

However, consolidation is not mandatory even when these criteria are met.  The issue of whether to consolidate cases is one that is left to the trial court's discretion.[20]  "It is well-settled that a plaintiff may 'not use the tactic of filing two substantially identical complaints to expand the procedural rights he would have otherwise enjoyed.'"[21]  "In particular, 'the court must [e]nsure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints.'"[22]

---

[20]*Utah v. U.S. Dept. of Interior*, 45 F. Supp. 2d 1279, 1281 (D. Utah 1999).

[21]*Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 990 (10th Cir. 2002) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)).

[22]*Id.* (quoting *Walton*, 563 F. 2d at 71).

6

Here, Plaintiff is attempting to circumvent the rules pertaining to the amendment of complaints.  Plaintiff attempted to amend its complaint in *Zisumbo I* with the same allegations as those contained in the present Complaint, but was denied because the attempted amendment was untimely, prejudicial, and not supported by good cause.  Granting Plaintiff's Motion to Consolidate would circumvent the requirements for an amendment and allow Plaintiff to amend his *Zisumbo I* complaint despite the untimeliness and potential prejudice of the amendment. Therefore, the Court will deny Plaintiff's Motion to Consolidate.

B.      CLAIM-SPLITTING

Although Plaintiff's motion to amend was denied in *Zisumbo I*, that denial alone does not prevent him from bringing his claims in a separate lawsuit.  "[F]rom the standpoint of policy and logic, the fact that [a plaintiff's] motion to amend was denied on the ground of disruptiveness should have no bearing on the question whether plaintiff should be permitted to assert such claim in a separate lawsuit."[23]  Instead, the question of whether Plaintiff should be allowed to bring his claims in a separate suit is governed by the doctrine of claim-splitting.

Under the doctrine of claim-splitting, "[d]istrict courts have discretion to control their dockets by dismissing duplicative cases."[24]  "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit.  By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste

---

[23]*Id.* at 989 (quoting *Integrated Techs. Ltd. v. Biochem Immunosystems, Inc.*, 2 F. Supp. 2d 97, 103 (D. Mass. 1998)).

[24]*Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'"[25] The Tenth Circuit has concluded that "related claims must be brought in a single cause of action."[26]

The doctrine of claim-splitting is analyzed "as an aspect of res judicata."[27] A claim-splitting analysis differs from a traditional res judicata analysis in that claim-splitting does not require there to be a final judgment on the merits in order for the doctrine to apply.[28] "[T]he test for claim splitting is not whether there is finality of judgment, but whether the first suit, assuming it were final, would preclude the second suit."[29] "The proper question is whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis."[30]

Res judicata, otherwise known as claim preclusion, prohibits a party from re-litigating issues that were raised in a prior action.[31] Since the Court is determining the effect of a case before a federal court, federal law of claim preclusion applies.[32] The Tenth Circuit, in *Mitchell v.*

---

[25]*Id.* (quoting *Hartsel Springs Ranch*, 296 F.3d at 985).

[26]*Id.* at 1214.

[27]*Id.* at 1218.

[28]*Id.*

[29]*Id.*

[30]*Id.* at 1219.

[31]*Fransden v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995).

[32]*See Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation*, 975 F.2d 683, 687 (10th Cir. 1992) (citing, inter alia, Restatement (Second) of Judgments § 87, at 314 (1982) ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court.")).

*City of Moore, Oklahoma*, held that, "[i]n our Circuit '[c]laim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits.'"[33]  "Put another way, the doctrine of claim preclusion prevents 'the parties or their privies from relitigating issues that were or could have been raised in' an earlier action."[34]

Because the Court assumes that *Zisumbo I* has resulted in a final judgment for the purposes of its claim-splitting analysis, it need only consider the final two prongs of the claim preclusion test.  As there are multiple claims and multiple Defendants, these issues will be addressed in turn below.

   1.  42 U.S.C. § 1981 CLAIMS AGAINST DEFENDANT ORMC

There is no dispute that Plaintiff and Defendant ORMC are also the plaintiff and defendant in *Zisumbo I.*  Therefore, the only question the Court must consider is whether, for res judicata purposes, Plaintiff's discrimination and retaliation claims under 42 U.S.C. § 1981 constitute the same causes of action as Plaintiff's *Zisumbo I* discrimination and retaliation claims under Title VII.

The Tenth Circuit has "adopted the transactional approach of the Restatement (Second) of Judgments to determine what constitutes a 'cause of action' for res judicata purposes."[35]

---

[33]218 F.3d 1190, 1202 (10th Cir. 2000) (quoting *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999)).

[34]*Id.* (quoting *Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992), *cert. denied*, 506 U.S. 832 (1992)).

[35]*King v. Union Oil Co., of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997) (citing *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1988)).

The transactional approach provides that a final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What constitutes a transaction or a series is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit.[36]

The Tenth Circuit "repeatedly has held that 'all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes.'"[37] "Under the rule against claim-splitting, Plaintiff is required to bring all of these related claims in a single action. This is true even when . . . the claim does not mature until after the initial complaint has been filed."[38] "'Inasmuch as the doctrine of res judicata precludes parties from relitigating issues that were or could have been raised, parties cannot defeat its application by simply alleging new legal theories.'"[39]

In this case, Plaintiff's claims under 42 U.S.C. § 1981 are not only based on the same employment relationship as the Title VII claims, but they are also based on identical facts. All of the facts supporting the Section 1981 claims are alleged in the existing complaint in *Zisumbo I*. There is no reason that the Section 1981 claims could not have been brought in the initial complaint in *Zisumbo I*.

---

[36]*Id.* (citing *Lowell Stats Mining Co., Inc., v. Phila. Elec. Co.*, 878 F.2d 1271, 1274 (10th Cir. 1989)).

[37]*Wilkes v. Wyo. Dept. of Emp't*, 314 F.3d 501, 504 (10th Cir. 2002) (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000)).

[38]*Catlin v. Salt Lake City Sch. Dist.*, 2011 WL 939349, at *3 (D. Utah Mar. 16, 2011).

[39]*Plotner v. AT&T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000) (quoting *Clark*, 953 F.2d at 1238).

In *Catlin v. Salt Lake City School District*, the court found that where there are related claims that would otherwise be barred under the doctrine of claim-splitting, "the proper procedure is to seek leave to amend, rather than filing a new action."[40]  Plaintiff argues that this language implies that where, as in this case, Plaintiff was denied in his attempt to follow the proper procedure and amend, he should then be allowed to file a new action.  Plaintiff misconstrues *Catlin*.

In *Catlin*, the court dismissed the action and directed the plaintiff to seek leave to amend a complaint in an earlier case.  However, the court expressed "no opinion as to whether leave should . . . ultimately be granted."[41]  The fact that Plaintiff was denied in his attempt to amend his *Zisumbo I* complaint does not create new procedural rights he would not have otherwise enjoyed.[42]  Therefore, the Court will dismiss Plaintiff's discrimination and retaliation claims under 42 U.S.C. § 1981 as to Defendant ORMC.

2.  42 U.S.C. § 1981 CLAIMS AGAINST DEFENDANT RHODEBUSH

Plaintiff's Section 1981 claims against Defendant Rhodebush are identical to those made against Defendant ORMC, and the analysis above applies to Defendant Rhodebush as well.

---

[40]*Catlin*, 2011 WL 939349, at *2.

[41]*Id.* at *3; *see Sendi v. NCR Comten, Inc.*, 624 F. Supp. 1205, 1207 (E.D. Pa. 1986) ("[T]he fact that plaintiff was denied leave to amend does not give him the right to file a second lawsuit based on the same facts."); *Dorsey v. Jacobson Holman PLLC*, 764 F. Supp. 2d 209, 213 (D.D.C. 2011) ("Having been denied the right to amend the Dorsey I complaint, however, does not grant Ms. Dorsey the right to file Dorsey II.").

[42]*See Hartsel Springs Ranch*, 296 F.3d at 990 ("In particular, the court must [e]nsure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints.") (internal quotations omitted).

However, because Rhodebush is not a named defendant to *Zisumbo I*, the Court's claim-splitting analysis must consider whether or not there is an identity of the parties or their privies in both suits.

"There is no definition of privity which can be automatically applied to all cases involving the doctrines of res judicata and collateral estoppel.  Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same."[43]   In the present action, the issues in controversy are identical.  The Section 1981 claims against ORMC are based on the alleged actions of Defendant Rhodebush, Plaintiff's supervisor.

In *Mambo v. Vehar*, the plaintiff sued a former employer for discrimination under New Mexico law.[44]  While that case was pending, the plaintiff filed a second case for discrimination under 42 U.S.C. § 1981, naming his former employer and former manager as defendants.[45]  The district court found that the manager and employer were in privity for purposes of res judicata, and that the claim against the manager was barred by res judicata.[46]  The Tenth Circuit approved the holding that the manager was in privity with the employer without analysis.[47]  The Court is persuaded that this is the correct result.

---

[43]*Lowell Staats Min*, 878 F.2d at 1274-75.

[44]*Mambo v. Vehar,* 185 F. App'x 763, 764 (10th Cir. 2006).

[45]*Id.*

[46]*Id.* at 765.

[47]*Id.*

"[T]he doctrine of res judicata precludes parties from relitigating issues that were or could have been raised" in an earlier suit.[48]   Although Section 1981 allows claims against Defendant Rhodebush in his individual capacity, the claims against him are identical to the claims against Defendant ORMC, and all the claims are based on the actions of Defendant Rhodebush.  It is consistent with the purpose of the rule against claim-splitting—the preservation of judicial economy—to require the Plaintiff to bring these claims in the same suit.  If Plaintiff is not required to bring the claims in the same suit, the Court will likely face issue preclusion problems when *Zisumbo I* is decided, and may be forced to reconsider the identical facts and arguments that will be at issue in *Zisumbo I.*

Therefore, the Court will dismiss Plaintiff's discrimination and retaliation claims under 42 U.S.C. § 1981 as to Defendant Rhodebush.

3.  REMAINING CLAIMS

The remaining claims for negligence, defamation, interference with economic relations, and violation of the Utah Blacklisting Statute pertain only to Defendant ORMC and are based on facts not at issue in *Zisumbo I.*  These claims do not relate to Plaintiff's employment with ORMC, but are instead related to ORMC's conduct towards Plaintiff post-termination.  However, the Court need not consider whether or not these causes of action are barred under res judicata because they should be dismissed on jurisdictional grounds.  There is no diversity jurisdiction in this case, and after the 42 U.S.C. § 1981 claims have been dismissed, there are no federal questions remaining to be considered.

---

[48]*Plotner,* 224 F.3d at 1170 (quoting *Clark*, 953 F.2d at 1238).

"Generally, when a district court dismisses the federal claims, leaving only supplemented state claims, 'the most common response . . . has been to dismiss the state claim or claims without prejudice.'"[49] "[I]t is appropriate . . . for a district court to retain supplemented state claims after dismissing all federal questions when the parties have already expended a great deal of time and energy on the state law claims."[50] However, "absent . . . a showing" that the parties have already expended a great deal of time and energy on the state law claims, "a district court should normally dismiss supplemental state law claims after all federal claims have been dismissed, particularly when the federal claims are dismissed before trial."[51] "Courts should be cautious when exercising supplemental jurisdiction over state law claims because '[n]otions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary.'"[52]

Here, there do not appear to be any compelling reasons for the Court to exercise supplemental jurisdiction absent a federal question. The parties have not expended substantial effort on the state law claims. No answer has been filed and no litigation on the merits of those claims has occurred. The state law claims were originally raised in state court, and were only raised here because Plaintiff did not pay the state court filing fees. As Plaintiff may still bring

---

[49]*United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

[50]*Id.*

[51]*Id.*

[52]*Villalpando ex rel. Villalpando v. Denver Health & Hosp. Auth.*, 65 F. App'x 683, 688 (10th Cir. 2003) (quoting *Ball*, 54 F.3d at 669).

14

these claims in state court, he will not be prejudiced by a dismissal here.  Accordingly, the

Plaintiff's claims for negligence, defamation, interference with economic relations, and violation

of the Utah Blacklisting Statute will be dismissed without prejudice.

C.      SANCTIONS

Defendants' Motion for Sanctions is based on the claim that Plaintiff's Complaint

needlessly increases the costs of litigation, harasses the Defendants, and creates undue delay

because it is based on claims that are not warranted under existing law.[53]

Rule eleven of the Federal Rules of Civil Procedure "mandates sanctions against

attorneys and/or their clients when pleadings, motions, or other signed papers in the district court

are not well grounded in fact, are not warranted by existing law or a good faith argument for its

extension, or are filed for an improper purpose."[54]

Although the Plaintiff's claims should be dismissed, they do not appear to be ungrounded

or clearly unwarranted under existing law.  Nor does it appear that the claims were brought to

increase costs, harass the defendants, or delay litigation.  Therefore, Defendants' Motion for an

Award of Fees and Costs will be denied.

---

[53]Docket No. 6, at 11-12.

[54]*Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n. of Kan.*, 891 F.2d
1473, 1484 (10th Cir. 1989).

IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion to Consolidate (Docket No. 7) is DENIED.  It is

further

ORDERED that Defendants' Motion to Dismiss (Docket No. 5) is GRANTED.

Plaintiff's Complaint (Docket No. 2) is DISMISSED without prejudice to Plaintiff bringing his

state law claims in state court.  It is further

ORDERED that Defendants' Motion for Fees and Costs (Docket No. 5) is DENIED.  The

Clerk of the Court is directed to close this case forthwith.

DATED   October 9, 2012.

BY THE COURT:

_____

TED STEWART
United States District Judge

16